■ JUAN BUSTILLO, Respondent, v CITY OF NEW YORK et al., Appellants. [607 NYS2d 667] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered July 30, 1993, denying the motion to change venue, unanimously reversed, on the law, the motion is granted, without costs, and venue is ordered changed to Queens County.

The accident occurred at a Queens intersection when plaintiff (a Queens resident) was struck by a vehicle owned by defendant Dhula (another Queens resident) and operated by defendant Maltese (still another Queens resident), an alleged car thief. The offending vehicle was being hotly pursued by the police at the time.

Defendant Dhula's motion, supported by the municipal defendant, was unopposed, as is these defendants' appeal. Venue in this $10,000,000 personal injury action was required to be lodged "in the county within the city in which the cause of action arose" (CPLR 504 [3]). Accordingly, denying removal of the case from New York County was error. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.

■ ANN CATALANO et al., Appellants, v FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent. [609 NYS2d 770] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered February 17, 1993, unanimously reversed, on the law, without costs, plaintiffs' motion to vacate the stay of the action, granted, the cross-motion to dismiss denied and the matter remanded for further proceedings in accordance with the opinion of this Court in Ungar v Ensign Bank (196 AD2d 204 [decided herewith]). No opinion. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.